# United States District Court
# Northern District of Indiana

| | |
|---|---|
| KELLY BOLENBAUGH, )<br>)<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>WAL-MART STORES, INC., and )<br>NATIONAL CASH REGISTER COMPANY, )<br>)<br>Defendants. ) | Civil Action No. 1:06 CV 322 JVB |

## OPINION AND ORDER

### A. Background

Plaintiff Kelly Bolenbaugh sued Defendants Wal-Mart Stores, Inc., and the National Cash Register Company over an incident that occurred at the Wal-Mart store in Columbia City, Indiana, involving a self-checkout station manufactured by NCR. In Count I of her Complaint, Plaintiff alleges that she was injured as the result of Wal-Mart's negligence in failing to maintain its premises in a safe condition. In Count IV she alleges that both Defendants negligently failed to provide proper warnings and instructions concerning the use and operation of the self-checkout equipment. This matter is before the Court on Wal-Mart's motion for summary judgment. Although Wal-Mart asserted in the motion that Plaintiff's sole claim against it is based on premises liability, and Plaintiff did not challenge that statement, neither party addressed the issues raised by Count IV in their memoranda. Accordingly, the Court will treat Wal-mart's motion as a motion for partial summary judgment.

## B. Legal Standard

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir.

1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**C. Facts**

The facts assumed to be true for the purpose of ruling on Wal-Mart's Motion for Summary Judgement are:

On August 24, 2004, Plaintiff went shopping at the Wal-Mart store in Columbia City. She used one of the self-checkout stations at the front of the store to complete her purchases. She was familiar with the self-checkout stations, having used them many times before. Plaintiff was injured when her hand was caught between a forty-pound bag of dog food that she had placed on the station's conveyer belt and a monitor screen after the belt began moving unexpectedly. She called out for help, but no one came to her aid.

Although each self check-out station is not individually staffed by a clerk, there is an employee whose job is to monitor the self-checkout area and assist customers. No Wal-Mart employee was monitoring the area when incident occurred.

There have been no reports of similar problems with the station the Plaintiff used, or at any other similar checkout station at this or any other Wal-Mart store.

**C. Discussion**

A plaintiff must establish three elements in order recover on a negligence theory: a duty

owed by the defendant to the plaintiff; a breach of that duty; and an injury to the plaintiff resulting from the breach. *Rhodes v. Wright*, 805 N.E.2d 382, 385 (Ind. 2004). Indiana has adopted the Restatement (Second) of Torts formulation of a landowner's liability to a business invitee, under which an invitee is liable for physical harm caused by a condition on the land only if he knows, or in the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm. *Douglas v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990).

The Court agrees with Wal-Mart that it had no duty to protect Plaintiff from an allegedly dangerous condition with respect to the self-checkout stations absent any evidence that it knew a dangerous condition existed. Plaintiff's contention that if an employee had been monitoring the area as usual, the Plaintiff's injury would have been prevented is irrelevant. Even if the presence of an employee in the self-checkout area could have prevented Plaintiff's injury, because Wal-Mart had no knowledge of a dangerous condition in the self-checkout equipment, it had no duty to post an employee there at all times to protect customers. Because Plaintiff has failed to present evidence on an essential element of her premises liability claim against Wal-Mart; that claim must fail.

**D. Conclusion**

For the foregoing reasons, Defendant Wal-Mart's motion for partial summary judgment against the Plaintiff (DE 57) is GRANTED. Plaintiff's claim against Wal-Mart on the basis of premises liability is DISMISSED. The claims set out in Count IV of her complaint remain for

4

trial.

        SO ORDERED on October 7, 2009.

                                            s/ Joseph S. Van Bokkelen
                                            Joseph S. Van Bokkelen
                                            United States District Judge
                                            Hammond Division